### DAVIDSON v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 10884.

Circuit Court of Appeals, Eighth Circuit.

Jan. 27, 1938.

304

E. J. Svoboda, of Omaha, Neb. (J. A. C. Kennedy, Yale C. Holland, G. L. DeLacy, and R. E. Svoboda, all of Omaha, Neb., on the brief), for petitioner.

Harry Marselli, Sp. Asst. to the Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to the Atty. Gen., on the brief), for respondent.

Before STONE, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

This case was heard before the Board of Tax Appeals, and now by this court on petition for review, in connection with a companion case, 94 F.2d 300, in which the taxpayer's husband, James E. Davidson, was petitioner. The facts, in so far as they concern the question here presented, are that Mrs. Davidson was the owner of 400 shares of stock of the American Gas & Electric Company. They were deposited with the First National Bank of Omaha as security for a loan. These shares formed part of a holding of 1,100 shares of the same stock, upon which had been declared a stock dividend of 572 shares, making a total of 1,672 shares of stock. She instructed her broker to begin selling these 1,672 shares in small lots to avoid a break in the market. When it came to the lot of 400 shares, pledged at the First National Bank, that bank refused to release the shares to the petitioner, preferring to make its own delivery to the broker. Therefore, in order to complete the transaction, petitioner went to her safety deposit vault and obtained therefrom 400 other shares of stock in the same corporation which she delivered to the broker in consummation of the sale. The 400 shares actually sold cost $27.50 per share. The 400 shares which she had intended to sell, as part of the 1,672 shares aforesaid, cost $109 per share. Petitioner prays that the tax be computed upon the latter cost basis. The Commissioner based his computation upon the cost basis of the shares actually sold, which resulted in a deficiency of $4,784.22. The Board of Tax Appeals sustained the Commissioner.

The applicable law, as we view it, has been stated in our opinion in James E. Davidson v. Commissioner of Internal Revenue, 8 Cir., 94 F.2d 300, this day filed. The conclusion there reached is equally adverse to the petitioner herein. There is, however, an additional reason why she cannot prevail in this review. There was no mistake in delivery of the stock to the broker. The shares in this case were in the possession of the taxpayer, and were consciously and deliberately delivered in consummation of the sale made. In such case it is uniformly held that mere intention to sell other stock will not govern, and liability must be determined by what in fact was done.

"Where a taxpayer has stock in his possession and deliberately delivers certain shares in consummation of a sale, he cannot afterwards say in computing income tax liability that he intended to sell other shares. His deliberate act controls—not what he intended to do." Vawter v. Commissioner, 10 Cir., 83 F.2d 11, 13, and cases cited.

The same view is inferentially expressed in Miller v. Commissioner, 2 Cir., 80 F.2d 219, 221. Reference is also made to authorities cited and considered in James E. Davidson v. Commissioner of Internal Revenue, opinion concurrently filed. It follows that the order of redetermination entered by the Board of Tax Appeals should be approved and confirmed and the petition for review dismissed. It is so ordered.